**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

---

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDWARD LOWE**<br>1109 Pollock Ave<br>New Castle, PA<br>     **Plaintiff**<br><br>   vs.<br><br>**ARCONIC**<br>71 Progress Ave<br>Cranberry Township, PA<br><br>     **Defendant** | **CIVIL ACTION NO.:**<br><br><br>**PLAINTIFF REQUESTS A TRIAL BY JURY** |

**COMPLAINT**

I. **PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Edward Lowe. Plaintiff was an employee of Defendant, ARCONIC, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act ("ADA") and Medical Leave Act ("FMLA").

1

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA and FMLA.

4. The Eastern District of Pennsylvania has general jurisdiction over the Defendant.

## III. PARTIES

5. The Plaintiff herein is Edward Lowe, former employee of the Defendant.

6. The Defendant herein is ARCONIC. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA and FMLA.

## IV. UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Defendant employed Plaintiff for approximately three and a half years.

9. At all relevant times, Plaintiff performed his job well.

10. During his employment with the Defendant, Plaintiff's life developed lympadema in her leg.

11. Plaintiff's wife's lympadema qualified as a disability under the ADA, which meant Plaintiff was associated with someone with a disability under the ADA, thus putting him in a protected class.

12. In addition, Plaintiff's wife's medical condition qualified him for FMLA benefits.

13. Plaintiff needed to intermittently take time off to care for his wife and bring her to doctor's appointments.

14. Plaintiff completed and submitted all the paperwork needed for this intermittent leave.

15. Despite the fact he followed all the instructions and was entitled to the leave, Plaintiff was retaliated against.

16. Plaintiff was terminated on or about July 10, 2019.

17. There was no justifiable reason for Plaintiff's termination.

18. Instead, Plaintiff was terminated due to being associated with a disabled individual, in violation of the ADA.

19. In addition or in the alternative, Plaintiff was terminated for exercising his right's under the FMLA. Defendant both retaliated against Plaintiff for taking FMLA leave, and interfered with his future use of leave.

20. The real reason for Plaintiff's termination was not fitness for duty.

21. The real reason for Plaintiff's termination was his disability/perceived disability, request for reasonable accommodation, age, and FMLA leave.

## COUNT I

## DISCRIMINATION AND RETALIATION UNDER AMERICANS WITH DISABILITIES ACT

22. Paragraphs 1-21 are incorporated herein as if set forth at length.

23. Plaintiff was protected under the ADA as someone associated with an individual who was disabled.

24. Plaintiff was targeted, retaliated against, and discriminated against in violation of the ADA.

25. Plaintiff's termination was unjustified and unlawful under the ADA.

26. Defendant, its upper level managers, and supervisors all violated the ADA by terminating the Plaintiff.

## COUNT II

### INTERFERENCE AND RETALIATION UNDER THE FAMILY MEDICAL LEAVE ACT

27. Plaintiff repeats all of the facts and all of the paragraphs numbered 1 through 26 as if stated in their entirety herein.

28. Plaintiff was entitled to FMLA leave.

29. Plaintiff submitted all the necessary paperwork for intermittent FMLA leave.

30. However, Plaintiff was terminated for exercising his rights under the FMLA.

31. Plaintiff was terminated in retaliation for exercising his rights under the FMLA.

32. In addition, Defendant interfered with Plaintiff's future use of the FMLA by terminating him.

33. Defendant, its upper level managers, and supervisors violated the FMLA by terminating the Plaintiff.

## PRAYER FOR RELIEF

34. Plaintiff incorporates paragraphs 1 through 33 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.